## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ANTONIO FLORES-CRUZ,**<br>    **Movant,** | **CRIMINAL NO.**<br>**1:11-CR-0203-ODE-GGB** |
| **v.** | **CIVIL ACTION NO.**<br>**1:12-CV-04200-ODE-GGB** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

### FINAL REPORT AND RECOMMENDATION

Antonio Flores-Cruz ("Movant" or "Flores-Cruz") has filed a motion to vacate

sentence under 28 U.S.C. § 2255 [Doc. 44].  Movant seeks to challenge the

constitutionality of his 46-month sentence that was imposed on September 21, 2011

[Doc. 26], following his guilty plea on July 13, 2011 [Doc. 21].  Presently before the

Court for consideration are:  (1) Movant's § 2255 motion to vacate [Doc. 44]; and (2)

the United States of America's (hereinafter "Government") response to Movant's

motion to vacate [Doc. 51].

## I.    BACKGROUND

In a federal grand jury indictment, Flores-Cruz was charged with being an

alien to the United States who was found in this country after having been removed

following a conviction for a felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1).  Flores-Cruz was represented by Jeffrey Ertel, an attorney with the Federal Defender Program, Inc.  (Doc. 5).  Flores-Cruz entered a guilty plea on July 13, 2011. (Doc. 21).  He was sentenced on September 21, 2011 to 46 months in custody followed by three years of supervised release.  (Doc. 26).

Flores-Cruz appealed his sentence to the Eleventh Circuit Court of Appeals. (Doc. 27).  On appeal, Flores-Cruz argued that his sentence was unreasonable because the district court failed to consider adequately the relative lack of seriousness of the prior felony conviction used to enhance his guideline sentencing range under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  (Doc. 41).  The Court of Appeals rejected this argument and affirmed Flores-Cruz's sentence. (Doc. 41).  On December 3, 2012, Flores-Cruz timely filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, (Docs. 44, 47).  Additional facts are discussed in context below.

## II.  FLORES-CRUZ'S CLAIMS

Flores-Cruz's claims are as follows:

(1)    his guilty plea was involuntary based on ineffective assistance because he was coerced into pleading guilty by his counsel who promised him

that he would receive a 24-month sentence. (Doc. 44 at 4-5; Doc. 47 at 2-5);

(2)     counsel was ineffective for failing to "meaningfully investigate" Flores-Cruz's prior conviction for felony obstruction of an officer. (Doc. 44 at 5-6, Doc. 47 at 5-9);

(3)     counsel was ineffective for failing to advise Flores-Cruz of his right to file a petition for rehearing, petition for rehearing en banc, or a petition with the Supreme Court of the United States for a writ of certiorari. (Doc. 44 at 7-8, Doc. 47 at 10-11); and

(4)     counsel was ineffective for failing to file a motion to withdraw as counsel after the Eleventh Circuit affirmed Flores-Cruz's sentence. (Doc. 44 at 8-9, Doc. 47 at 12-13).

## III.   STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."

3

<u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003) (citing <u>Strickland</u>, 466 U.S. at 687).  To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'"  <u>Wiggins</u>, 539 U.S. at 521 (quoting <u>Strickland</u>, 466 U.S. at 688).

The two part <u>Strickland</u> standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel.  <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).  When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have pleaded guilty and would have insisted on going to trial.  <u>Id.</u> at 59; <u>Esslinger v. Davis</u>, 44 F.3d 1515, 1528 (11th Cir. 1995).

## IV.   **DISCUSSION OF CLAIMS**

### A.   **Alleged involuntary guilty plea based on ineffective assistance**

Flores-Cruz asserts that his guilty plea was involuntary based on ineffective assistance of counsel because he was coerced into pleading guilty by his counsel, Jeffrey Ertel, who allegedly promised Flores-Cruz that he would receive a 24-month sentence.  Specifically, Flores-Cruz claims that his counsel coerced him into pleading guilty to the charged offense by "lying to him," saying that he faced a 48-month sentence if he went to trial, but that if he pled guilty, he faced only a

4

24-month sentence because with "the acceptance of responsibility to the immigration crime, the court could only impose a 24-month sentence (by Mr. Ertel's calculation)." (Doc. 47 at 3-5; Decl. at ¶¶ 2-7).

However, Flores-Cruz's allegations are contradicted by the transcript of the plea hearing.  At the plea hearing, the district judge told Flores-Cruz that the maximum possible sentence he could receive was twenty years.  (Doc. 32 at 5). Flores-Cruz stated to the Court that he understood the maximum penalties.  (Doc. 32 at 6).  The district judge discussed the sentencing procedures and told Flores-Cruz that his counsel could only estimate what his guideline range would be.  (Id. at 7). The district judge explained that she could make rulings at the sentencing hearing that could affect the sentencing guideline range.  (Id.).  Flores-Cruz responded that he understood.  (Id.).  Although given the opportunity to tell the court if the court's explanation was different from what his attorney had told him, Flores-Cruz did not do so.

The Pre-Sentence Report (PSR) calculated an adjusted offense level of 24 by starting with a base offense level of 8 and adding 16 levels due to a prior deportation subsequent to a felony conviction for a crime of violence.  (PSR at ¶ 12, 13).  The conviction relied upon was a conviction in the Superior Court of Gwinnett County for

5

Felony Obstruction of an Officer that involved an element of violence.  (<u>Id.</u> at ¶ 13).

Defense counsel objected to the application of U.S.S.G. 2L1.2(b)(1)(A)(ii) and the

16-level increase.  (<u>Id.</u>).  He stated that although it was true that the Gwinnett County

indictment charged that the obstruction was effectuated by Flores-Cruz kicking an

officer, the circumstances were insufficient, as a matter of law, to constitute a crime

of violence.  (PSR at 2-3).

The PSR writer subtracted three points for acceptance of responsibility

resulting in a total offense level of 21. (PSR at ¶ 18, 19).  The PSR writer found that

Flores-Cruz  had 9 criminal history points (PSR at ¶ 29) and concluded that his

custody guideline range was 57-71 months. (PSR at 10).

In response to the PSR, and at the sentencing hearing, counsel raised two

objections:  first, that the prior conviction of obstruction of an officer that involved a

kicking did not constitute a crime of violence; and second, that Flores-Cruz's prior

convictions caused an over-representation of his criminal history score.  (Doc. 34 at

2-3).  Based on these objections, counsel requested either a downward variance or

downward departure from the sentencing guideline range.  (<u>Id.</u> at 5).

The court overruled Flores-Cruz's first objection and held that the obstruction

conviction did constitute a crime of violence.  (<u>Id.</u> at 8).

As to the second objection, the court ruled in Flores-Cruz's favor and reduced his criminal history category to three, arriving at a guideline range of forty-six to fifty-seven months.  (Id. at 9).

Flores-Cruz's counsel then argued that the court should exercise its discretion to make a downward departure or variance from the guideline range because the obstruction of justice conviction was relatively less serious than other crimes of violence for which a 16-level increase could be imposed.  (Doc. 34 at 10).  Counsel suggested that the court only impose an 8-level increase for the conviction, which would cause the guideline range to be 24-30 months.  (Id. at 11).  The government recommended a sentence of forty-six months, the low end of the guidelines.  (Id. at 12).  The court rejected the suggestion of Flores-Cruz's counsel and imposed the sentence recommended by the government.  (Id. at 14-15).

As stated above, Flores-Cruz asserts that his counsel promised him that he would receive a 24-month sentence.  However, Flores-Cruz's sworn representations made during his plea hearing, along with the findings made by the district judge in accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).  The district judge may reject a § 2255 motion without an evidentiary

7

hearing when the movant's allegations are affirmatively contradicted by the record. See Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Here, Flores-Cruz's allegations as to what he understood about his sentence are affirmatively contradicted by the record of the thorough plea colloquy conducted by the district court. Thus, his contention about the alleged promise from his counsel should be rejected.

Even assuming that counsel made an erroneous prediction that Flores-Cruz would receive a lower sentence, such a prediction does not entitle Flores-Cruz to relief. See Johnson v. Massey, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that good faith but erroneous prediction of sentence by counsel does not render guilty plea involuntary). Therefore, Flores-Cruz's § 2255 motion should be denied without an evidentiary hearing. See Johnson v. United States, No. 8:07-CV-594-T-27MSS, 2009 WL 995472, at *6 (M.D. Fla. April 13, 2009) ("[C]onsidering the nature of the charges and the evidence available to the government, [counsel's] advice that [petitioner] plead guilty rather than go to trial did not fall below an objective standard of reasonableness . . . . That the attorney's prediction turned out to be mistaken, and his estimate of the sentencing guidelines erroneous, does not constitute ineffective assistance of counsel in and of itself and does not undermine the knowing and voluntary nature of Petitioner's guilty pleas.").

8

Under the applicable standards set forth above, Flores-Cruz did not receive ineffective assistance of counsel that resulted in an involuntary guilty plea.

**B.      Alleged ineffective assistance for failing to meaningfully investigate prior conviction**

Flores-Cruz's second claim is that his counsel was ineffective for "failing to meaningfully investigate" his prior conviction. (Doc. 44 at 5; Doc. 47 at 5).

I will assume, as does the government, that Flores-Cruz is claiming that his counsel was ineffective for failing to make the following arguments at sentencing and on appeal:  (1) Flores-Cruz's prior conviction for felony obstruction in violation of Georgia law did not qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) using the "categorical approach" because the Georgia statute under which he was convicted encompasses both violent and nonviolent conduct; (2) the district court could not use the "modified categorical approach" to determine that Flores-Cruz's prior felony obstruction conviction was a "crime of violence" because there were no Shepard[1]-approved documents in the record establishing that it was a "crime of violence"; and (3) the district court could not rely on

---

[1] Shepard v. United States, 544 U.S. 13, 16, 26, 125 S. Ct. 1254, 1257, 1263 (2005).

9

Shepard-approved documents to determine that Flores-Cruz's prior felony

obstruction conviction was

a "crime of violence" because Flores-Cruz entered an Alford plea or nolo contendere

plea to that charge.  I will now address those arguments.

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), the sentencing court must apply a

16-level enhancement if a defendant being sentenced for illegally re-entering the

United States: (1) was previously deported after a conviction for a felony that is a

"crime of violence"; and (2) he receives criminal history points for that conviction.

The application notes for that subsection list several crimes that are categorically

"crimes of violence."  See U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (emphasis added).

Obstruction of an officer is not one of the enumerated crimes.  See id.  However, a

"crime of violence" also includes "any other offense under federal, state, or local

law that has as an element the use, attempted use, or threatened use of physical

force against the person of another."  Id.  Physical force means "*violent* force –that is,

force capable of causing physical pain or injury to another person."  Johnson v.

United States, 559 U.S. 133, 130 S. Ct. 1265, 1271 (2010) (interpreting "physical

force" within the context of the Armed Career Criminal Act); see United States v.

Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) (definition of "physical

AO 72A
(Rev.8/82)

force" stated by the Supreme Court in <u>Johnson</u> also applies in the context of U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

The Eleventh Circuit employs the "categorical approach" to determine whether a prior conviction is a qualifying offense for sentencing enhancement purposes. <u>See</u> <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1328 (11th Cir. 2010).  In doing so, a court generally looks to the statutory definition of the prior offense and the judgment of conviction.  <u>Id.</u> at 1336 (citing <u>Taylor v. United States</u>, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990)).

Under the "categorical approach" the question becomes whether the offense of felony obstruction of an officer under Georgia law "has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Palomino Garcia</u>, 606 F.3d at 1326.

Flores-Cruz was convicted of felony obstruction of an officer in violation of O.C.G.A. § 16-10-24, which provides in relevant part that:

> (b) Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony . . . .

The meaning of "physical force" is a question of federal law.  <u>See</u> <u>Rosales-Bruno</u>, 676 F.3d at 1021.  However, to determine whether a conviction for

11

obstruction of an officer under O.C.G.A. § 16-10-24 is a "crime of violence" for

sentencing enhancement purposes, the Georgia courts' determination and

construction of the substantive elements of the offense is controlling.  Id. at 1021

(citing Johnson, 130 S. Ct. at 1269; Molinos Valle Del Cibao, C. por A. v. Lama, 633

F.3d 1330, 1348 (11th Cir. 2011) (affording Johnson deference to states' intermediate

courts where no state supreme court precedent exists).

        The text of O.C.G.A. § 16-10-24 unambiguously requires the use or threat of

violence.  In addition, Georgia case law supports the conclusion that use or threat of

physical force or violence are statutory elements of the offense of felony obstruction

of justice.  See In re D.D., 651 S.E.2d 817, 818-819 (Ga. Ct. App. 2007); Sampson v.

State, 640 S.E.2d 673, 675 (Ga. Ct. App. 2006); In re D.J.E., 598 S.E.2d 108, 112

(Ga. Ct. App. 2004).

        Even if felony obstruction of an officer under Georgia law is not categorically

a "crime of violence" because it could encompass both violent and non-violent

conduct, a sentencing court in the Eleventh Circuit may use the "modified categorical

approach."  See Rosales-Bruno, 676 F.3d at 1020 (citing Johnson, 130 S. Ct. at

1273).

12

Under this approach, the sentencing court may "look beyond the fact of conviction and elements of the offense to determine whether the prior conviction falls under a particular statutory phrase that qualifies as a 'crime of violence.'" Id. "A sentencing court may determine which statutory phrase was the basis for the conviction by consulting a narrow universe of 'Shepard documents' that includes any charging documents . . . ." Palomino Garcia, 606 F.3d at 1337 (citing Johnson, 130 S. Ct. at 1273; Shepard, 544 U.S. at 26). Moreover, "when determining whether an offense is a violent felony (or crime of violence) under the modified categorical approach, the district court can rely on the facts set forth in the PSI if they are undisputed and thereby deemed admitted." Rozier v. United States, 701 F.3d 681, 686 (11th Cir. 2012); see also United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006); United States v. Beckles, 565 F.3d 832, 843 (11th Cir 2009).

Here, the record shows that, if it had used the "modified categorical approach," the district court could have relied upon the certified copy of the Gwinnett County indictment (to which Flores-Cruz plead guilty) that alleges that Flores-Cruz knowingly and willfully obstructed an officer by violence, specifically kicking the officer in the leg. (Doc. 24-1). The district court could also have relied upon the

13

undisputed facts in the PSR that Flores-Cruz kicked an officer in the leg in attempting to resist arrest for domestic violence.  (PSR at ¶ 24).

Flores-Cruz also appears to be arguing that his prior conviction could not be considered a "crime of violence" because he entered either a <u>nolo</u> <u>contendere</u> plea or an <u>Alford</u> plea to that charge.  However, the record expressly shows that Flores-Cruz did not enter a <u>nolo</u> <u>contendere</u> plea and there is no factual basis for the contention that he entered an <u>Alford</u> plea.  (Docs. 24-1, 24-2).  Docs. 24-1 and 24-2 show that Flores-Cruz pleaded guilty to the charge that he knowingly and willfully obstructed a law enforcement officer by doing violence to the officer by kicking him in the leg. Further, Flores-Cruz admits that he pleaded guilty.  (Doc. 47 at 9).

In any event, even if Flores-Cruz had entered an <u>Alford</u> plea, he would not be entitled to relief.  An <u>Alford</u> plea is one in which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court to treat him as if he were guilty, as long as the plea has a factual basis.  <u>North Carolina</u> <u>v. Alford</u>, 400 U.S. 25 (1970).  An <u>Alford</u> guilty plea is not inconsistent with a guilty plea to a crime of violence.

To the extent that Flores-Cruz is relying on <u>United States v. Alston</u>, 611 F.3d 219 (4th Cir. 2010), that reliance is misplaced.  In <u>Alston,</u> the district court relied on a

14

prior conviction based on an <u>Alford</u> plea to an offense that included several different crimes, some of which were violent felonies, and some of which were not.  <u>Id.</u> at 219. Here, as discussed above, the Georgia offense to which Flores-Cruz pleaded guilty specifically included violent conduct or the threat of violence as an element. Therefore, <u>Alston</u> is not relevant.

Although Flores-Cruz's counsel did argue at the district court level that Flores-Cruz's prior obstruction conviction was not a crime of violence, he did not make that argument on appeal.  Instead he argued that the sentence was not substantively reasonable.  (Doc. 51-1).  Because any argument that Flores-Cruz's prior conviction was not a crime of violence, under either the categorical or modified categorical approach, clearly would have been unsuccessful, counsel was not ineffective for failing to make that argument.

### C.   Alleged ineffective assistance for failing to advise of right to file for rehearing, rehearing en banc or certiorari

Flores-Cruz argues that his counsel was ineffective for failing to advise him of his right or opportunity to file a petition for rehearing or rehearing en banc with the Eleventh Circuit or to petition the U.S. Supreme Court for a writ of certiorari after the Eleventh Circuit affirmed his sentence.

15

First, it is clear that counsel was not ineffective for failing to pursue a discretionary appeal.  A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right.  Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830 (1985).  He does not, however, have a constitutional right to counsel in pursuing discretionary review of a conviction.  See Wainwright v. Torna, 455 U.S. 586, 587, 102 S. Ct. 1300 (1982) (holding that defendant in state criminal case did not have a constitutional right to counsel in pursuing discretionary review in the state supreme court); Ross v. Moffitt, 417 U.S. 600, 94 S. Ct. 2437 (1974) (holding that there is no constitutional right to counsel in pursuing a writ of certiorari in the United States Supreme Court); United States v. Fernandez, 397 F. App'x 433, 436 (10th Cir. 2010) (rejecting § 2255 claim of ineffective assistance of counsel based on failure to petition Supreme Court for writ of certiorari).  Thus, Flores-Cruz has no basis for § 2255 relief for counsel's failure to pursue rehearing in the Court of Appeals or certiorari in the Supreme Court.

As to the separate but related question of whether counsel was ineffective in failing to advise Flores-Cruz that he had the opportunity to file for rehearing, rehearing en banc or certiorari, the government discusses the Eleventh Circuit's per curiam opinion in Sessions v. United States, 416 F. App'x 867 (11th Cir. 2011) (per

curiam).  Sessions filed a § 2255 motion arguing, <u>inter alia</u>, that his counsel was ineffective because he failed to inform him of his right to seek certiorari review in the Supreme Court, in violation of the Court's CJA Plan.  He contended that he was prejudiced because he would have filed for certiorari review had he learned of his right to do so.  <u>Id.</u> at 868.  Addendum Four (f)(5) of the Eleventh Circuit's CJA Plan provides that counsel shall inform the client of the right to file a petition for rehearing or rehearing en banc in the Eleventh Circuit, or to petition the Supreme Court of the United States for a writ of certiorari.  <u>Id.</u> at 868 n.1.

The district court in <u>Sessions</u>, without holding a hearing, denied Sessions' § 2255 motion but issued a certificate of appealability on one issue: "whether counsel may be deemed ineffective for failure to comply with Addendum Four of the Eleventh Circuit's Criminal Justice Act ("CJA") Plan."  <u>Id.</u> at 868-869.  The Eleventh Circuit remanded the case to the district court for fact-finding on the question of whether Sessions' counsel advised him of his right to seek certiorari review in the Supreme Court, reasoning that "the district court's certification of the issue to this Court demonstrates that it was unable to hold that the motion and the files and records of the case demonstrated conclusively that Sessions was entitled to no relief." <u>Id.</u> at 868-69.  However, the Court went on to "decline to address the hypothetical

17

question of whether it might constitute ineffective assistance of counsel for an attorney to fail to advise a client of his right to petition for a writ of certiorari in violation of the Criminal Justice Act Plan where the client asserts that he would have filed such a petition if he had been informed." Id. at 869.

I recommend that this court hold, in accordance with the weight of authority from other circuits, that a defendant's constitutional right to assistance of counsel does not require an attorney to inform his client of his right to proceed with a discretionary appeal.  See United States v. Arechiga-Ramirez, 370 F. App'x 784, 785 (9th Cir. 2010) (rejecting § 2255 claim of ineffective assistance of counsel based on failure to advise of right to petition Supreme Court for writ of certiorari); Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) (rejecting § 2255 claim of ineffective assistance of counsel based on alleged breach of the provisions of the 8th Circuit's Criminal Justice Act Plan where counsel allegedly "failed to inform petitioner of the procedure and time limits for filing a certiorari petition pro se" finding "[w]e disagree that such violations would create a constitutional right to effective assistance of counsel"); Pena v. United States, 534 F.3d 92, 95-96 (2d Cir. 2008) (rejecting § 2255 claim of ineffective assistance of counsel based on failure of appellate counsel to notify petitioner of right to file for certiorari);  Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002) (rejecting § 2255 claim of ineffective

18

assistance of counsel based on failure of counsel to timely notify petitioner of the outcome of his direct appeal which allegedly resulted in petitioner being time-barred from filing a discretionary appeal); see also Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546 (1991) (citing Wainwright v. Torna for the proposition that "when there is no constitutional right to counsel there can be no deprivation of effective assistance"); cf. Wilson v. United States, 554 F.2d 893, 894 (8th Cir. 1977) (indicating that "[f]ailure to advise a defendant of his right to petition for certiorari in the Supreme Court violates his right to effective assistance of counsel as guaranteed by Fed. R. Crim. P. 44(a) and the Criminal Justice Act of 1964" and stating that such an oversight by counsel " may also violate constitutional rights to effective assistance of counsel and due process of law.").

However, even if Flores-Cruz had a constitutional right to have counsel advise him of his opportunity to pursue discretionary appeals, Flores-Cruz's ineffective assistance claim would fail under the second prong of the Strickland test because he has not shown prejudice. As shown above, Flores-Cruz would have lost on the merits of the arguments he now claims he would have advanced in a discretionary appeal. See United States v. Johnson, Nos. 3:0707cr77/MCR, 3:09cv196/MCR/ EMT, 2012 WL 1802102, at *8 (N.D. Fl. May 17, 2012) (rejecting § 2255 claim of ineffective assistance of counsel based on failure of counsel to notify petitioner of "right to

rehearing and/or certiorari review to the U.S. Supreme Court" and also finding "nothing in the arguments that Defendant raised on appeal or raises now herein suggests that his case would have been selected by the Court for review or that the ultimate outcome of the proceedings would have been different.").

In sum, there is no constitutional right to counsel for a discretionary appeal, therefore there is no constitutional violation resulting from any failure of counsel related to such appeals. Even assuming that Flores-Cruz had the right to counsel to advise him of his right to pursue these discretionary appeals, this claim still fails because he has not demonstrated prejudice.

**D.   Alleged ineffective assistance of counsel for failure to file motion to withdraw as counsel after conviction was affirmed on direct appeal**

Flores-Cruz argues that his counsel was ineffective for failing to file a motion to withdraw as counsel "under the Eleventh Circuit local rules" after the Eleventh Circuit affirmed his conviction and sentence.

It appears that Flores-Cruz is contending in this claim that if counsel was not going to pursue a discretionary appeal, then counsel had the obligation to file a motion to withdraw.  The motion to withdraw would have alerted Flores-Cruz to his opportunity to file discretionary appeals or given him the opportunity to argue against

20

the withdrawal and to request the filing by counsel of the discretionary appeals.
(Doc. 47 at 12).

For the reasons discussed as to the previous ground, Flores-Cruz had no
constitutional right (1) to have counsel file a petition for rehearing or rehearing en
banc with the Eleventh Circuit or to petition the Supreme Court for a writ of certiorari
after the Eleventh Circuit affirmed his sentence; or (2) have counsel advise him of the
opportunity to file such discretionary appeals.  For the same reasons, Flores-Cruz did
not have a constitutional right to have counsel file a motion to withdraw before the
time for filing such discretionary appeals had passed.

Also, because any such discretionary appeals would have been unsuccessful,
Flores-Cruz did not receive ineffective assistance of counsel under the second prong
of Strickland.

## V.  **CERTIFICATE OF APPEALABILITY**

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the
United States District Courts, a district court "must issue or deny a certificate of
appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C.
§2253(c)(2), a certificate of appealability shall not issue unless "the applicant has
made a substantial showing of the denial of a constitutional right."  A prisoner

21

satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## VI.  CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 44] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 22nd day of August, 2013.

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

22